```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


VINCENT PATTERSON,            :
                              :
         Petitioner           :   CIVIL NO. 1:16-CV-02032
                              :
    vs.                       :
                              :
COMMONWEALTH OF               :   (Judge Rambo)
PENNSYLVANIA, et al.,         :
                              :
         Respondents          :
```

## MEMORANDUM

### Background

On October 7, 2016, Petitioner, Vincent Patterson, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On October 11, 2016, Patterson paid the $5.00 filing fee. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the
(continued...)

On or or about August 13, 2016, Patterson was arrested and detained by the Harrisburg Police Department on charges of human trafficking, promoting prostitution and criminal use of a communication facility. (Doc. No. 1.) The charges were returned and Patterson bound over to the Court of Common Pleas of Dauphin County for trial. <u>Commonwealth of Pennsylvania v. Vincent Andrew Patterson, Jr.</u>, CP-22-CR-0005569-2016.[2] The docket of the Court of Common Pleas of Dauphin County reveals that on November 18, 2016, Patterson was formally arraigned on the charges and that he is scheduled for a hearing on January 4, 2017, before Judge

---

1. (...continued) petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case pending against Patterson in the Court of Common Pleas of Dauphin County. A district court may take judicial notice of proceedings in another court. <u>See</u> <u>United States v. Wilson</u>, 631 F.2d 118 (9th Cir. 1980); <u>Hayes v. Woodford</u>, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

Scott A. Evans of the Court of Common Pleas of Dauphin County.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances,[3] Younger abstention will

---

3. Even when all requirements are met, Younger
(continued...)

apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, No. 09-1342, --- F.3d ----, 2010 WL 27216, at *3 (3d Cir. January 7, 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992).

---

3. (...continued)
abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Patterson has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

Patterson makes a vague argument that the state criminal charges violate his rights under the United States Constitution. He requests that he be released from custody. Patterson is raising issues regarding the propriety of his arrest and the validity of the charges which should first be addressed by the state courts. It is clear that Patterson's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.[4]

---

4. Furthermore, a state prisoner must exhaust all available state judicial remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. Sections 2254(b) and (c). Neither an intractable jurisdictional prerequisite nor "a mere formality, . . . [the exhaustion requirement] serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal
(continued...)

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

---

4. (...continued)
rights."  Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986).  Exhaustion also "protect[s] the state court's role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).  There is no indication whatsoever that Patterson has availed himself of state court appellate procedures to challenge the charges or his detention.

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order will be entered.


                                       s/Sylvia Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: December 19, 2016